UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **Lonnie McClenney, on behalf of himself and all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**Capital One Services, LLC,**<br>**Capital One Financial Corporation, and**<br>**Capital One, National Association,**<br><br>**Defendants.** | **CIVIL ACTION NO.** _____ |

## COMPLAINT

Plaintiff Lonnie McClenney ("McClenney") ("Plaintiff") respectfully moves for judgment against Defendants Capital One Services, LLC, Capital One Financial Corporation and Capital One, National Association, (collectively "Capital One" or "Defendants"), as follows:

### Introduction

1. This is a claim for unpaid overtime in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., ("FLSA"). Plaintiff who was employed by Capital One, hereby bring this collective action under 29 U.S.C. § 216(b) on behalf of himself and others who are similarly situated current or former non-managerial "Process Managers" seeking unpaid overtime, liquidated damages, and attorneys' fees and costs arising out of the Defendants' FLSA violation. Plaintiff regularly works or worked more than forty (40) hours per workweek for the Defendant without receiving overtime compensation as required under the FLSA. Capital One wrongly classified Plaintiff and other non-managerial Process Managers as exempt from

1

overtime under the FLSA.

## Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) in that the Plaintiff may bring this action in any appropriate United States District Court.

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 3(B)(4) since the acts and omissions giving rise to this lawsuit have taken place in the Eastern District of Virginia.

4. Defendants are subject to personal jurisdiction in the Commonwealth of Virginia.

## Parties

5. McClenney is a resident of Virginia who was employed by Capital One until March 2021.  Plaintiff was an "employee" as defined in the FLSA.

6. Capital One Services, LLC is a foreign corporation, which has its principal office in Virginia.

7. Capital One Financial Corporation is a foreign corporation, which has its principal office in Virginia.

8. Capital One, National Association is a foreign corporation, which has its principal office in Virginia.

9. On information and belief, the Defendants are related entities in the financial products and services industry. According to filings with the Virginia State Corporation Commission, both Defendants list their principal office as being located at 1680 Capital One Drive, McLean, Virginia 22102 and share the same registered agent.  Plaintiff is currently unable to determine the precise corporate structure and relationship between Defendants.  Defendants are an "employer" as defined by the FLSA.

## Factual Allegations

10. McClenney was hired by Capital One in 2012 after it acquired the company McClenney had been with for approximately 18 years. He worked continuously for Capital One until his termination in March 2021.

11. During the time frame relevant to this lawsuit, McClenney worked as a non-managerial Process Manager for Capital One.

12. While McClenney's title was Process Manager, his level was Senior Associate. The process he "managed" was "Digital Messaging," which involved the dissemination of targeted email, SMS, and Push (mobile phone pop up) communications to specific Capital One customers.

13. McClenney worked mainly from his home in the Virginia Beach, Virginia area.

14. McClenney's primary duties within the Digital Messaging function involved assisting Capital One lines of business in providing new communications to existing customers. For example, Mr. McClenney would assist the process in which a "co-branded" Capital One credit card (e.g. the Wal-Mart Capital One card is "co-branded") would send a mass communication to its cardholders.

15. Specifically, McClenney's primary duties involved working within a process called "GUMBO" whereby he worked with developers and copywriters such that their work, consistent with the customer's desires, could be reduced to templates which could then be run through, and harmonized with, Capital One's messaging system.

16. McClenney had no authority to decide what information was disseminated to customers nor did he have authority to create or alter the format, content, or effect of the

dissemination. Further McClenney did not program or code the communications. Indeed, McClenney did not even have "ownership" (Capital One jargon meaning the person, team or line of business with ultimate responsibility for a project) over the communication initiatives he carried out. Such project ownership resided at levels above McClenney with Capital One employees referred to as "Intent Owners." Intent Owners were the individuals responsible for working with employees called "Digital Leads" who then would instruct Process Managers like McClenney.

17. Intent Owners would provide Digital Leads with 'intent request' documents that would explain the desired end goal for the project. Those 'intent request' documents would in turn serve as the basis for the related projects Mr. McClenney would be assigned to work on.

18. McClenney's role, and that of other Process Managers, was to follow Capital One's mandated checklists to make sure that the project(s) he was staffed to conformed to Capital One's required process rubric(s). This meant ensuring that the documentation and work of others, i.e., content, coding, formatting, legal, timing, etc., all adhered to various Capital One rules as well as the intent of the client.

19. McClenney did not supervise two or more full-time employees during the time he worked as a Process Manager for Capital One.

20. Other than periods of leave, McClenney regularly worked in excess of 40 hours per week.

21. McClenney typically worked in excess of 50 or 60 hours per week including time working on weekends.

22. McClenney was classified as an exempt employee and was neither eligible for, nor was paid, overtime compensation.

23. McClenney's consent to be a party plaintiff is attached as <u>Exhibit A</u>.

24. At no time during Plaintiff's employment did he qualify for the "highly compensated employee" exemption.

25. McClenney was terminated by Capital One on March 25, 2021.

**Common Allegations Regarding non-managerial Process Managers**

26. Non-managerial Process Managers are not required to exercise discretion or independent judgment involving matters of significance in carrying out their "Process Management" duties. Rather, Process Managers work within their 'Process" to make sure that projects comport with Capital One's requirements for the given process. As referenced above, in McClenney's case, the process was Digital Messaging.

27. Plaintiff and other similarly situated Process Managers did not perform as a primary duty managerial tasks over other employees, such as: interviewing or selecting employees; setting employees' schedules or hours of work; directing employees' work; appraising employee productivity and efficiency; handling employee complaints and grievances; or disciplining employees.

28. Plaintiff and other similarly situated Process Managers did not perform work directly related to the management or general business operations of Capital One or its customers such as: banking, finance, accounting, content creation, information technology, setting of business policies, planning, negotiating, purchasing, promoting sales, business research, or other duties relating to running Capital One's business.

29. Process Managers duties require strict adherence to checklist-oriented functions, to assist and ensure that various Capital One "processes," such as ensuring that certain type of transaction or communication arefacilitated and/or followed in the manner desired by Capital

One. Process Managers do not originate the process, rather they implement pre-existingprocesses as determined by higher-ups at Capital One. For example, McClenney's process management duties involved assisting in the dissemination of information and content from lines of Capital One business to already existing customers while ensuring compliance with Capital One's "process" checklist.  Checklists for each messaging campaign required review and approval by Digital Leads before messages could be sent to customers.

30. Plaintiff and other similarly situated Process Managers did not perform work requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

31. Plaintiff and other similarly situated Process Managers:

    a. did not have the authority to formulate, affect, interpret, or implement management policies or operating practices;

    b. did not have authority to waive or deviate from established policies and procedures;

    c. did not have authority to commit Defendants in matters that have significant financial impact;

    d. did not have authority to negotiate and bind Defendants on significant matters; and

    e. were not involved in determining Capital One's long- or short-term business objectives.

32. Based on the nature of Plaintiffs' job duties, there is no FLSA exemption that applies to preclude him or other non-managerial Process Managers from being paid one and one-half times their regular rate of pay for all hours worked in excess of 40 per week.

33. In addition to Plaintiff and other similarly situated, employees, process management was also performed by third party contractors whose work Capital One controlled but whom Capital One paid on an hourly basis.

34. Capital One paid Plaintiff on a salary basis, and classified him and other Process Managers as exempt from receiving overtime under the FLSA.

35. Capital One did not require Plaintiff to keep precise track of his hours worked.

36. Capital One does not have accurate timekeeping records of the exact hours worked by Plaintiff or other Process Managers.

37. Capital One has a work culture where all salaried employees are expected to regularly work in excess of eight hours per day, and well in excess of 40 hours per week, including being available and responding to electronic messaging (emails, texts, instant messages (IM's) and the like) at all hours of the day or on weekends.

38. Capital One issued Plaintiff and other Process Managers iPhones and take-home laptops so that each could perform work for Capital One's benefit remotely and at all hours.

39. Capital One did not pay Plaintiff any overtime premium for hours each worked over 40 per week.

40. Capital One knew or should have known that Plaintiff was working overtime hours without being paid.

41. Capital One received benefit of the work performed by Plaintiff.

42. Capital One is in possession of records (such as log-in records, emails, and instant messaging systems) which should reflect that Plaintiff was performing work for Capital One in excess of 40 hours per week.

43. Plaintiff sent and received work emails before and after the regular workday.

44. Defendants willfully violated the FLSA by misclassifying Plaintiff and other non-managerial Process Managers as exempt under the FLSA in order to avoid paying overtime.

45. At all relevant times Defendants intended to deprive Plaintiff of the overtime pay he was entitled to under the FLSA, or acted with reckless disregard for Plaintiff's rights under the FLSA.

**Collective Action Allegations**

46. Plaintiff files this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as representative Plaintiff on behalf of similarly situated Process Managers.

47. Capital One employs, and has employed, multiple persons in the same job functions and/or positions that Plaintiff occupies, including the job functions and/or positions that make up the job of "Process Manager" as set forth herein.

48. Process Managers perform, and have performed, functions which entitle them to payment of overtime compensation which they have not received.

49. Process Managers have been denied overtime wages in violation of the FLSA.

50. Capital One compensated and continues to compensate Process Managers on a uniform compensation basis.

51. For at least the past three years, Capital One failed to keep records of the actual amount of hours Plaintiff and similarly situated Process Managers have worked.

52. On information and belief, Capital One's pay, administrative, recordkeeping, and supervisory operations are centrally managed as a single enterprise, and all or most Process Managers at Capital One are subject to common, uniform time-keeping and payroll practices.

53. Capital One has records of the identities and the job duties of its Process Managers and/or similarly situated employees who perform similar duties but may have different

job titles, and can easily identify the scope of similarly situated putative plaintiffs.

54. The FLSA "collective" or "class" of similarly situated employees is composed of all present and former employees of Defendants who, similar to Plaintiff, performed non-managerial Process Manager duties, and are, or were, subject to the same pay practices, and have been employed within three (3) years of the date of the filing of this action, excluding any time period(s) during which any such employee supervised two or more full-time Capital One employees.

55. As used herein, the term "non-managerial" is limited to those Process Managers who, at any time within a three-year lookback period, did not directly supervise two or more full-time Capital One associates. This claim on behalf of Process Managers excludes any time during which a putative plaintiff supervised two or more full-time Capital One associates as part of their primary duty. Some Process Managers may have been assigned to supervise two or more full-time employees, and any such putative plaintiffs are not intended to be included in this action during the timeframe(s) in which s/he supervised two or more full-time employees, but are otherwise eligible to join for any timeframe(s) in the three-year lookback period in which s/he did not supervise two or more full-time Capital One associates.

56. Plaintiff asserts that Defendants' willful disregard of the overtime laws described herein entitles Plaintiff and similarly situated employees to the application of the three (3) year limitations period.

57. The job duties of non-manegrial Process Manager are specifically not exempt from the coverage of the FLSA.

58. At all relevant times, Plaintiff and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

### Count 1 – FLSA Overtime

59. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

60. At all times relevant herein, Plaintiff was an "employee" of Capital One as that term is defined by 29 U.S.C. §203(e)(1).

61. At all times relevant herein, Capital One was an "employer" of Plaintiff as that term is defined by 29 U.S.C. §203(d).

62. At all relevant times herein Plaintiff was not exempt from the overtime pay requirements of the FLSA, and were entitled to receive overtime pay under the FLSA for all time worked beyond forty (40) hours in a workweek.

63. Capital One failed to pay Plaintiff his overtime rate of pay for the time he worked beyond forty (40) hours in a workweek.

64. At all times relevant herein, Capital One was aware of the overtime requirements of the FLSA.

65. At all times relevant herein, Capital One knew or should have known that Plaintiff did not qualify for an exemption to the overtime pay requirements of the FLSA.

66. Capital One's failure to pay overtime compensation to the Plaintiff was willful and not in good faith.

### FLSA Relief Requested

Wherefore, Plaintiff requests the following Relief against Defendants:

    A. an order granting conditional certification of a collective action to include notice of this action to all those similarly situated of their right to join;

B. money damages for all unpaid overtime compensation;

C. liquidated damages in an amount equal to all unpaid overtime owed to plaintiff;

D. pre-judgment and post-judgment interest;

E. reasonable attorney's fees and costs expended in the prosecution of this case;

F. any and all further relief permissible by law.

Plaintiff respectfully demands **TRIAL BY JURY**.

        Respectfully submitted,
        **Lonnie McClenney, on behalf of himself and others similarly situated**
        Plaintiff

By: /s/Craig Juraj Curwood
        Craig Juraj Curwood (VSB No. 43975)
        Harris D. Butler, III (VSB No. 26483)
        Zev Antell (VSB No. 74634)
        Attorneys for Plaintiff
        Butler Curwood, PLC
        140 Virginia Street, Ste. 302
        Richmond, VA 23219
        Telephone: (804) 648-4848
        Fax: (804) 237-0413
        Email: craig@butlercurwood.com
              harris@butlercurwood.com
              zev@butlercurwood.com