IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **LONNIE MCCLENNEY, on behalf of himself and others similarly situated,** <br><br> Plaintiff, <br><br> v. <br><br> **CAPITAL ONE SERVICES, LLC,** <br><br> **CAPITAL ONE FINANCIAL CORPORATION,** <br><br> and <br><br> **CAPITAL ONE, NATIONAL ASSOCIATION,** <br><br> Defendants. | Case No. 3:21-cv-429-MHL |

## MEMORANDUM IN SUPPORT OF RENEWED JOINT MOTION FOR SETTLEMENT APPROVAL

In this action, Plaintiff Lonnie McClenney and Defendants Capital One Services, LLC, Capital One Financial Corporation, and Capital One, National Association, by their respective counsel, jointly request that the Court enter a stipulated order approving the settlement reached between the Parties in resolution of a *bona fide* dispute regarding Plaintiff's asserted entitlement to damages under the Fair Labor Standards Act ("FLSA"). The Parties have carefully and exhaustively negotiated a settlement in this action. They have agreed to resolve the disputed factual and legal issues of the FLSA claims on terms set forth in a Settlement Agreement and Release (the "Agreement") and Amendment to the Settlement Agreement and Release (the "Amendment"), which is described below.[1]

---

[1] The Parties have filed the Agreement and Amendment as Exhibits A and B to their Renewed Joint Motion for Settlement Approval.

In the "context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations," the Parties must present any proposed settlement to the district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). *See also Patel v. Barot*, 15 F. Supp. 3d 648, 653-54 (E.D. Va. 2014) ("[B]ecause this action arises from the FLSA, federal law requires court approval for fairness before any settlement can be executed . . . .").

The Parties request that this Court approve the Agreement and Amendment under the standards set forth in *Lynn's Food* because the FLSA settlement reflects reasonable compromises of issues actually in dispute, was reached in an adversarial context in which the Plaintiff was represented by competent and experienced counsel, and is fair and reasonable.

## I.    PROCEDURAL AND FACTUAL BACKGROUND

On July 1, 2021, Plaintiff filed a collective action against Defendants including claims under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), seeking damages for unpaid overtime compensation, liquidated damages, and attorneys' fees. (ECF No. 1.) Defendants deny any wrongdoing and Plaintiff's claim for damages under the FLSA.

On July 20, 2021, the Parties mediated their claims before an experienced mediator. The Parties have reached a comprehensive settlement. On October 8, 2021, the Parties appeared before the Court for a settlement approval hearing. Following that hearing, the Parties executed the Amendment to address a concern raised by the Court. The Parties now seek approval of their FLSA settlement pursuant to *Lynn's Food*.

## II.     THE SETTLEMENT SHOULD BE APPROVED

This Court should approve the Agreement because it is the product of contested litigation, Plaintiff is represented by competent and experienced counsel, and the Agreement reflects a reasonable compromise over disputed issues concerning the FLSA claims.  The Agreement's provisions also are fair and reasonable.

This Court has favorably cited the Eleventh Circuit's decision in *Lynn's Food Stores*, which sets forth the appropriate circumstances for settlement of FLSA claims:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

679 F.2d 1350, 1354 (11th Cir. 1982).  *See also Patel*, 15 F. Supp. 3d at 654.

This Court considers several factors in evaluating whether a proposed settlement agreement resolving FLSA claims is proper under this standard, including: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented Plaintiff; (5) the probability of Plaintiff's success on the merits; and (6) the amount of the settlement in relation to the potential recovery.  *Patel*, 15 F. Supp. 3d at 655-56.  Application of these factors here strongly augurs in favor of the Parties' settlement.

Plaintiff brought this action against Defendants seeking to recover wages and damages for alleged violations of the FLSA's overtime provisions. Defendants have denied any wrongdoing. The action is adversarial in nature, and Plaintiff is represented by experienced counsel.

Although the Parties have not taken discovery, both sides have had the opportunity to clarify numerous disputed factual and legal issues and to assess their likelihood of success on the merits. The Parties recognize the complexity, expense, and time required to complete litigation in this matter. With the experience of counsel well-versed in FLSA litigation, the Parties have weighed the risks and benefits of litigation and have reached a settlement appropriately taking those factors into account.

The proposed Agreement resulted from extensive negotiations, throughout which each party was represented by experienced counsel. Plaintiff maintains that the litigated outcome of this matter would have been favorable to him, but Defendants likewise feel that summary judgment would have been entered in their favor on Plaintiff's FLSA claim had this case proceeded. The amount Defendants will pay under the Agreement is reasonable in relation to Plaintiff's potential FLSA recovery at trial in light of the risks and costs inherent in a litigation resolution.

Each of the factors identified in *Lynn's Food Stores* weighs in favor of this Court's approval of the FLSA settlement reached by the Parties in this matter. Further, approval of the Agreement will promote the policy of encouraging settlement of litigation.

### III. CONCLUSION

The Parties have entered into a proposed FLSA settlement agreement to avoid the necessity, expense, inconvenience and uncertainty of litigation. The Parties, with the Court's

approval, would like to resolve and settle all claims and disputes between the Parties arising out of, or in any way related to, Plaintiff's claims under the FLSA.

For the foregoing reasons, the Parties jointly and respectfully request that the Court approve their proposed settlement.

Respectfully submitted,

LONNIE MCCLENNEY
*PLAINTIFF*

By: */s/ Craig Juraj Curwood (with permission)*
Craig Juraj Curwood (VSB #43975)
Harris Dewey Butler, III (VSB # 26483)
Paul Mark Falabella (VSB #81199)
Zev Hillel Antell (VSB #74634)
Butler Curwood, PLC
140 Virginia Street, Suite 302
Richmond, Virginia 23219
(804) 648-4848
(804) 237-0413 (facsimile)
craig@butlercurwood.com
harris@butlercurwood.com
paul@butlercurwood.com
zev@butlercurwood.com
*Counsel for Plaintiff*

CAPITAL ONE SERVICES, LLC,
CAPITAL ONE FINANCIAL CORPORATION and
CAPITAL ONE, NATIONAL ASSOCIATION
*DEFENDANTS*

By: */s/ Summer L. Speight*
Rodney A. Satterwhite (VSB #32907)
Christopher M. Michalik (VSB #47817)
Igor M. Babichenko (VSB #78255)
Summer L. Speight (VSB #80957)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia  23219
(804) 775-1000
(804) 775-1061 (Facsimile)
rsatterwhite@mcguirewoods.com
cmichalik@mcguirewoods.com
ibabichenko@mcguirewoods.com
sspeight@mcguirewoods.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of October, 2021, I electronically filed the foregoing using the Court's CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By: */s/ Summer L. Speight*
Summer L. Speight (VSB #80957)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia  23219
(804) 775-1000
(804) 775-1061 (Facsimile)
sspeight@mcguirewoods.com
*Counsel for Defendants*